**James Lee BOTLEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09–02–343 CR.**

Court of Appeals of Texas, Beaumont.

Submitted Feb. 28, 2003.

Decided March 12, 2003.

Mike Laird, Beaumont, for appellant.

Tom Maness, Criminal Dist. Atty., Philip Babin, Asst. Criminal Dist. Atty., Beaumont, for state.

Before McKEITHEN, C.J., BURGESS and GAULTNEY, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

A jury found James Lee Botley guilty of aggravated robbery and assessed punishment at fifteen and one-half years of confinement in the Texas Department of Criminal Justice, Institutional Division. The sole point of error raised on appeal states, "The eyewitness testimony in this case is insufficient to establish the appellant's identity beyond a reasonable doubt."

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the prosecution and inquire whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). In court, the victim positively identified James Lee Botley as the robber. The appellant concedes as much, but argues that the in-court identification was unreliable. The court, considering a similar claim in *Welch v. State*, 993 S.W.2d 690, 693–94 (Tex.App.-San Antonio 1999, no pet.), noted that evidentiary conflicts and credibility issues are resolved by the jury, not the appellate court.

Botley argues, both in support of his claim that the evidence adduced at trial is insufficient to establish identity and as an alternative argument for trial error, that the victim's in-court identification was unreliable under the standard elucidated in *Delk v. State*, 855 S.W.2d 700, 706 (Tex. Crim.App.1993), which described a two-step analysis used to determine the admissibility of an in-court identification. First, the photographic display must not be impermissibly suggestive. *Id.* Second, if the photographic display was impermissibly suggestive, the in-court identification will still be admissible if, under a totality of the circumstances, the suggestive procedure does not give rise to a very substantial likelihood of irreparable misidentification. *Id.* Against the corruptive effect of the suggestive identification itself, we consider: 1) the opportunity of the witness to view the criminal at the time of the crime; 2) the witness' degree of attention; 3) the accuracy of the witness' prior description of the criminal; 4) the level of certainty

demonstrated by the witness at the confrontation; and 5) the length of time between the crime and the confrontation. *Id.*

The photographic line-up admitted into evidence at trial depicts individuals who are substantially similar in appearance. Nothing in the testimony of the officer who presented the line-up suggests that the manner of presentation affected the response. No testimony of the victim connects the in-court identification to the earlier viewing of the photographic line-up. The victim testified that he was familiar with the defendant, who patronized the family convenience store where the robbery occurred and the encounter lasted ten to fifteen minutes.

Botley suggests that the victim was relying upon his previous encounters with the defendant, rather than the robbery itself. He contends that in-court identification is unreliable because the victim could not identify the defendant in a snapshot presented to the victim during cross examination. A careful review of the record, however, supports an inference that the victim did identify the snapshot of the defendant.

The pertinent testimony, with emphasis added, reads as follows:

Q. [By Defense Counsel]: Do you know this man in this picture? (*indicating*)

A. [By Victim:] No, sir.

Q. *That's* Number 2–Defense Number 2. Do you know this man in *this* picture? (*indicating*)

A. Him.

Q. Who is that?

A. That's him.

From this exchange, we can discern that defense counsel displayed Defense Exhibit No. 2 first, then displayed a different photograph, presumably Defense Exhibit No. 1, which the victim identified as a photograph of the defendant. Earlier in the trial, the investigating officer testified that he knew both of the people depicted in Defense Exhibits Nos. 1 and 2, and that Defense Exhibit No. 1 depicted the defendant, and Defense Exhibit No. 2 did not depict the defendant.[1]

The appellant failed to demonstrate that the in-court identification of the defendant by the victim of the offense was tainted by an impermissibly suggestive pre-trial identification procedure. The State established identity through in-court identification of the defendant by the victim to the offense. We hold that the jury could rationally find beyond a reasonable doubt that James Lee Botley committed the offense as charged in the indictment. The point of error is overruled, and the judgment is affirmed.

AFFIRMED.

---

1. The words "that" and "this," as opposed to references to specific exhibit numbers, are at times difficult to attribute to particular exhibits in the record. There was apparently no confusion on the part of the people present at trial. During jury argument, the prosecutor reminded the jury that both witnesses immediately picked out the photograph of the defendant. Defense counsel objected on the ground that it was never established "whether those persons were Mr. Botley or not in fact."